UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lester Staley, Jr., | ) C/A No. 2:15-4556-RMG-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| State of South Carolina, North Charleston Police Department, Public Defender Benjamin Lewis, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The Plaintiff, Lester Staley, Jr., proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee at the Charleston County Detention Center, alleges violations of his constitutional rights.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449

U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

**Background**

Plaintiff submitted a letter to the Court, which was filed as his Complaint. ECF No. 1. In this letter, Plaintiff appears to request that the public defender assigned to his state criminal case be relieved as counsel and that another attorney be assigned to his case. Plaintiff also appears to request that the arrest warrant against him be dismissed because he does not think that a judge signed the warrant and because he claims the warrant has his address listed incorrectly.

In an order dated November 17, 2015, Plaintiff was directed to complete, sign and return an enclosed complaint form (see ECF No. 5) on or before December 11, 2015. Plaintiff failed to do so. Plaintiff was also directed to submit a completed summons form listing all Defendants and a completed and signed Form USM-285 for each Defendant. However, although he submitted a summons form for all three Defendants, he submitted a USM-285 form for only Defendant Benjamin Lewis.[1]

[1]Plaintiff did also submit a Form USM-285 for a Joshua Burdette. However, he did not name this person in his letter, nor has he submitted a complaint form naming Burdette. Additionally, Plaintiff did not complete a summons form for this person. Further, Plaintiff fails to include any



On December 23, 2015, Plaintiff filed a letter in which he again complains about his 2014 arrest, and also discusses another state charge for which he was arrested in 2015. He also attached copies of arrest warrants and other documents. ECF Nos. 10, 10-1. Plaintiff filed another letter on January 27, 2016, in which he complains about the 2015 burglary charge. ECF No. 11.

Records from Charleston County indicate that there are two charges currently pending against the Plaintiff. The first it a charge of larceny, for which Plaintiff was arrested on July 2, 2014, and was released on bond on August 7, 2014. A motion to relieve counsel was filed in the larceny charge case on January 19, 2016. Plaintiff was also arrested on a charge of second degree burglary on September 2, 2015. A bond was set (bond was set on September 10, 2015, and a bond reconsideration hearing was held on October 26, 2015), but it does not appear that that bond has been posted. Motions to relieve counsel were filed in the burglary charge case on December 17, 2015, and January 19, 2016. See Charleston County Circuit Court Public Index, http://jcmsweb.charlestoncounty.org/PublicIndex/ CaseDetails.aspx?County=10&CourtAgency=10001&Casenum=2014A1021000685&CaseType=C [larceny charge]; http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10& CourtAgency=10001&Casenum=2015A1010203842&CaseType=C [burglary charge](last visited January 29, 2016).

---

clear factual allegations against Burdette of any personal responsibility or personal wrongdoing in connection with the alleged violations of any of Plaintiff's constitutionally protected rights. As such, even if Plaintiff is attempting to name Burdette as a Defendant, his Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "a short and plain statement" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. See Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 [requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"].

**Discussion**

Initially, to the extent that Plaintiff is requesting to be released from incarceration, such relief may only be obtained in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]. In Heck v. Humphrey, 512 U.S. 477 (1994), the Fourth Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. Id. at 481(1994)[stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"]. As such, if Plaintiff wishes to challenge his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his state court remedies.

Also, Plaintiff appears to be requesting that this Court intervene in the criminal actions pending against him in state court. However, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). In Cinema Blue of Charlotte, Inc., the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. See Bonner v. Circuit Court of St.

Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc)["Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."]; cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)[federal courts cannot review state court proceeding in appellate sense]; Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)[federal courts may not issue writs of mandamus against state courts]. Here, Plaintiff is not foreclosed from raising the issues alleged in his Complaint and having them ruled on in his ongoing state criminal prosecutions by a state court Judge. Thus, this Court should not intervene in Plaintiff's pending criminal proceedings.

Additionally, the only named natural defendant, Public Defender Benjamin Lewis, is entitled to summary dismissal as a party Defendant because Plaintiff has alleged no facts to indicate that Defendant Lewis acted under color of state law, a requirement for bringing a case under 42 U.S.C. § 1983.[2] An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-324 nn. 8-16 (1981)["A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."]; Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir. 1980)[court-appointed attorney]; Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)[private attorney].

---

[2]In order to state a cause of action under § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state or [federal] law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167 (1961).



With respect to the Defendant North Charleston Police Department, this Defendant is entitled to summary dismissal because this entity is not a "person" subject to suit under § 1983. A police department is a group of officers in a building, and buildings and correctional institutions, as well as sheriff's departments and police departments, are therefore not usually considered legal entities subject to suit. See Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) [finding that the medical department of a prison is not a person pursuant to § 1983]; Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10–2988–JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011)[finding that a building, detention center, is not amenable to suit under § 1983 and that Food Service Supervisors was a group of people not subject to suit]; see also Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D.Fla. 1990)[dismissing city police department as improper defendant in § 1983 action because not "person" under the statute]; Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D.Ga. 1984)[dismissing police department as party defendant because it was merely vehicle through which city government fulfills policing functions]. The view that a municipal police department is not a legal entity subject to liability under § 1983 is in accord with the majority of federal courts that have addressed this issue. See, e.g., Dean v. Barber, 951 F.2d 1210, 1214–15 (11th Cir. 1992); Petaway v. City of New Haven Police Dep't, 541 F. Supp.2d 504, 510 (D.Conn. 2008) ["[A] municipal police department is not subject to suit under section 1983 because it is not an independent legal entity."]; Terrell v. City of Harrisburg Police Dep't, 549 F. Supp.2d 671, 686 (M.D.Pa. 2008)["It is well-settled that police departments operated by municipalities are not 'persons' amenable to suit under § 1983."]; Gore v. Conway Police Dep't, No. 9:08–1806–RBH, 2008 WL 2566985 (D.S.C. June 26, 2008); Lyons v. Edgefield County Police, No. 8:05–2503–MBS, 2006 WL 3827501, at *3 (D.S.C. Dec. 28, 2006) [police department not a separate suable entity amenable to suit]; Buchanan



v. Williams, 434 F. Supp.2d 521, 529 (M.D.Tenn. 2006) [concluding that "police departments are not 'bodies politic'" and therefore are not persons subject to action under § 1983]; Stump v. Gates, 777 F. Supp. 808, 815–16 (D.Colo. 1991).

Finally, with respect to the named Defendant State of South Carolina, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712–13 (1996); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101–02 (1984); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. See Alabama v. Pugh, 438 U.S. 781(1978); Seminole Tribe of Florida, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case. Therefore, Plaintiff's claims against the State of South Carolina are subject to summary dismissal.

**Recommendation**

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.



Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

February 1, 2016
Charleston, South Carolina





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

