IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lester Staley, Jr., ) | 2016 MAR -7 P 12: 33 |
| ) | Civil Action No.: 2:15-cv-4556-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| State of South Carolina, North Charleston ) | |
| Police Department, Public Defender ) | |
| Benjamin Lewis, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter comes before the Court on the Report & Recommendation (R & R) of the Magistrate Judge (Dkt. No. 15). For the reasons below, the Court adopts the R & R as the order of the court and dismisses the complaint without prejudice and without issuance and service of process.

On November 9, 2015, Plaintiff submitted a letter to the Court which was docketed as his complaint. (Dkt. No. 1). In his letter, Plaintiff requests (1) that the public defender assigned to his state criminal case be relieved, (2) that new counsel be appointed, and (3) that the Court dismiss his arrest warrant because he does not believe that it was signed by a judge and contains an incorrect address.

On November 17, 2015, Plaintiff was provided with a complaint form and directed to return it, a summons form for all Defendants, and Form USM-285 for all Defendants no later than December 11, 2015. Plaintiff submitted summons forms for all Defendants, but he submitted a USM-285 form only for Defendant Lewis.

On December 23, 2015, Plaintiff filed a letter complaining about arrests from 2014 and 2015. (Dkt. Nos. 10, 10-1). January 27, 2016, Plaintiff filed another letter complaining about a

1

2015 burglary charge. (Dkt. No. 11). On February 1, 2016, the Magistrate Judge issued an R & R recommending that the Court dismiss the complaint without prejudice and without issuing summonses. (Dkt. No. 15). And on February 12, 2016, Plaintiff filed a response. (Dkt. NO. 17).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks removed). Even taking this liberal pleading standard into account, Plaintiff's compliant must be dismissed.

First, to the extent that Plaintiff seeks to be released from prison, he can do so only through a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994) (reiterating that release from prison is unavailable under 42 U.S.C. § 1983). Similarly, a federal court may not interfere in a state's pending criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Finally, Defendant Lewis is entitled to a summary dismissal because Plaintiff's complaint and subsequent letters do not allege that he acted under color of state law, which is a requirement of actions under 42 U.S.C. § 1983.

Plaintiff's letter in response to the R & R does not directly address any of these issues. In fact, its primary aim appears to be to again allege that the arrest warrant and affidavit from 2014 have not been signed by a judge. (Dkt. No. 17 at 1 ("I just want to dwell on the arrest warrant . . . and affidavit . . . ."). It closes by requesting "competent, sufficient and effective counsel." (*Id.*). Again, even by the most lenient standards of reading *pro se* complaints, Plaintiff's complaint fails to state a claim and must be dismissed.

For the aforementioned reasons, this Court **ADOPTS** the R & R as the order of this Court and dismisses this action without prejudice and without issuing summonses.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 7, 2016
Charleston, South Carolina